UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SSW HOLDING COMPANY, INC.                                              PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:12CV-661-S

SCHOTT GEMTRON CORPORATION                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on motions of the defendant, Schott Gemtron Corporation ("SGC"), to dismiss the action for failure to state a claim upon which relief may be granted (DN 14) and to stay the action pending *inter partes* review of the patent in issue by the United States Patent and Trademark Office ("USPTO")(DN 23).

SGC moved to dismiss the action for failure to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6). SGC contends that the plaintiff, SSW Holding Company, Inc. ("SSW"), has failed to identify which claims of SSW's patent it contends are infringed by SGC. SGC urges that *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) establish the benchmark for pleading a plausible "sort and plain statement" under Fed.R.Civ.P. 8.

The contours of a patent infringement claim sufficient to survive a 12(b)(6) motion to dismiss are described in *K-Tech Telecommunications, Inc. v. Time-Warner Cable, Inc.*, Nos. 2012-1425, 2012-1446, 2013 WL 1668960 (Fed.Cir. April 18, 2013). *K-Tech* establishes that a plaintiff alleging direct infringement may meet the Rule 8 pleading standard by fashioning a complaint in accord with Form 18 of the Appendix of Forms in the Federal Rules of Civil Procedure:

> Rule 84, combined with guidance from the Advisory Committee Notes to the 1946 amendment of Rule 84, makes clear that a proper use of a form contained in the Appendix of Forms effectively immunizes a claimant from attack regarding the sufficiency of the pleading. *Id.* at 1334...And, as we made clear in *R+L Carriers*, to the extent any conflict exists between *Twombly* (and its progeny) and the Forms regarding pleadings requirements, the Forms control. *R+L Carriers*, 681 F.3d 1334 (citing *McZeal*, 501 F.3d at 1360 (Dyk, J., concurring in part and dissenting in part)(acknowledging that, while the bare allegations contemplated by Form 18 appear deficient under *Twombly*, we are "required to find that a bare allegation of literal infringement in accordance with Form [18] would be sufficient under Rule 8 to state a claim")); *see also Superior Indus., LLC v. Thor Global Enters.,* 700 F.3d 1287, 1295 (Fed.Cir. 2012)("In a complaint for patent infringement under § 271(a), Form 18 of the Federal Rules of Civil Procedure provides the pleading standard...Although the parties do not discuss the Form 18 pleading standard, this court acknowledges that standard to review the dismissal.")...Form 18 in no way relaxes the clear principle of Rule 8, that a potential infringer be placed on notice of what activity or device is being accused of infringement...Thus, a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent. *See, e.g., Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)." *[McZeal v. Sprint Nextel Corp.]*, 501 F.3d [at 1357].

*K-Tech*, 714 F.3d at 1283-84. *See also, Cronos Technologies, LLC v. Camping World, Inc.,* No. 1:12-CV-147-R, 2013 WL 3936899 (W.D.Ky. July 30, 2013)(a party alleging direct infringement need only comply with Form 18, citing *K-Tech)*; *Genetic Technologies Limited v. Genesis Genetics Institute, L.L.C.*, No. 12-14080, 2013 WL 3936498 (E.D.Mich. July 30, 2013)(amended complaint complies with pleading requirements, citing *K-Tech*); *Burroughs, Inc. v. Panini North America, Inc.*, No. 12-14804, 2013 WL 2250615 (E.D.Mich. May 22, 2013)(complaints patterned after Form 18 are sufficient to survive a motion to dismiss, citing *K-Tech*).

As stated in *Panini S.P.A. v. Burroughs, Inc.*, No. 3:13-cv-081, 2013 WL 3909684 (S.D.Ohio July 29, 2013),

> Form 18 requires (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that the defendant has been infringing the patent by making, selling, and using the device embodying the patent; (4) a statement that the

plaintiff has given the defendant notice of the infringement; and (5) a demand for an injunction and damages.

*Panini S.P.A.,* at *5, *citing K-Tech, supra.*

We find that SSW's complaint meets the Form 18 requirements. Allegations of jurisdiction and venue appear in paragraphs 8 and 9 of the complaint. SSW claims ownership of the patent '561 in paragraph 12. Paragraphs 16, 17, and 20 alleging infringing manufacture, use, sale, offer for sale, and distribution of one or more infringing spill-containing refrigerator assemblies. SSW alleges that it gave notice of infringement in paragraph 21. Paragraphs 6, 8, 9, and 10 of the prayer for relief seek a preliminary and permanent injunction, an accounting, damages and a reasonable royalty, respectively.

As noted in *K-Tech*, "The touchstones of an appropriate analysis under Form 18 are notice and facial plausibility. 714 F.3d at 1286. SSW alleges that it is "the exclusive supplier of refrigerator shelving components incorporating SSW's patented spill-proof shelving technology to Whirlpool Corporation for use in Whirlpool refrigerators. Compl., ¶ 3. SSW alleges that SGC has "provided or has offered to provide at least Whirlpool with spill-proof shelving components incorporating SSW's patented spill-proof technology," specifying parts, "including but not limited to parts numbers W10467425, W10467466, W10467426, W1048746." Compl., ¶ 5.

SSW describes the invention of the '561 patent in part:

The '561 Patent claims, among other things, spill-containing refrigerator shelf assemblies, and methods of manufacturing such shelving assemblies. In certain of the claimed embodiments, the shelving assemblies comprise a shelf panel having a generally flat top surface for supporting articles thereon, and a hydrophobic surface applied in a spill containment pattern on the top surface, the hydrophobic surface being applied such that one or more non-hydrophobic central portions are bounded by the spill containment pattern.

Compl., ¶ 13. SSW then alleges that SGC's shelf components generally include the claimed "shelf panel having a generally flat top surface for supporting articles thereon, and a hydrophobic surface applied in a spill containment pattern on the top surface, the hydrophobic surface being applied such that one or more non-hydrophobic central portions are bounded by the spill containment pattern. Compl., ¶ 16. SSW contends that by selling, using, offering for sale and/or distributing its Spill-Proof Shelving Components, SGC has infringed and continues to infringe the '561 patent under 35 U.S.C. § 271(a) and (f). Compl., ¶ 17.

The court finds that the Complaint provides adequate notice of the claims of infringement and meets the standard of facial plausibility by identifying sufficient facts upon which to ground a plausible claim of direct infringement.

Based upon the foregoing analysis, the motion of SGC to dismiss the complaint for failure to state a claim upon which relief may be granted (DN 14) is **DENIED.**

SGC has also moved to stay the action pending the outcome of an application for *inter partes* review which it filed on June 14, 2013. "To determine whether a stay pending *inter partes* review is appropriate, courts apply the same three factors used to determine whether to stay a case pending reexamination...The factors are: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Regents of the Univ. of Mich. v. St. Jude Med., Inc.*, No. 12-12908, 2013 WL 2393340, *2 (E.D.Mich. 2013)(internal citations omitted).

This action is in the preliminary stages. Discovery has not begun, as a motion to dismiss was filed in lieu of an answer to the complaint. The fact that this case is, as yet, undeveloped favors a stay pending the outcome of the PTO's review.

SGC has sought *inter partes* review of claims 1, 13, and 25 of the '561 patent which it contends are

> representative apparatus and method claims that include the key elements of what SSW contends is novel about the technology claimed in the '561 patent specification, namely, a hydrophobic surface in a spill containment pattern and a hydrophobic surface comprising a ceramic frit coated with a hydrophobic compound. [SGC]'s petition for *inter partes* review relies on five prior art references that disclose these elements individually or in combination with each other. Two of the references disclose all of the elements of claims 1 and 25, thereby anticipating the claims. Thus, if the Board grants [SGC]'s petition, it is likely that the challenged claims will be cancelled or significantly modified, which will alter the course of this action. Even if this did not occur, it will be a complete waste of judicial resources for both the Board and this Court to resolve the validity of the challenged claims at the same time.

Mem. in Support of Mo. to Stay, pp. 5-6.

The court finds SSW's response unhelpful. A careful reading of SSW's brief reveals that it does not dispute that significant contouring of the claims in this action may result if SGC is successful before the PTO. Rather, SSW urges that other claims and defenses will remain. Be that as it may, the court finds that judicial economy will be served by consideration of anticipation and obviousness by the PTO prior to further development of the case in this court. SSW has not identified the claims which it contends are infringed. While not required to do so at this time, we note that it is unhelpful in its opposition to the motion for stay to simply point out that there are 61 claims, only three of which are challenged in the *inter partes* review application. We note that almost all of the 61 claims are dependent claims.

SSW urges that it will be prejudiced by the delay. The Board will decide whether to institute an *inter partes* review within six months of the date of the application. 35 U.S.C. § 314(b). The application was filed June 14, 2013. "Courts have the inherent power to manage their dockets and stay proceedings...including the authority to order a stay pending the conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed.Cir. 1988)(internal citations omitted). In this court's view, affording the PTO the opportunity to address anticipation and obviousness prior to further development of the case in this court will boost the case along in the long run. In the event that the Board declines to review the matter, the matter is poised to proceed apace.

For these reasons, the motion of SCG to stay the proceedings pending a decision on its application for *inter partes* review (DN 23) is **GRANTED.**

**Upon a lifting of the stay, the matter will be set for a scheduling conference before the undersigned.**

**IT IS SO ORDERED.**

August 19, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**